UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 11 C 8640 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (08 CR 238-1) |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on a petition for a writ of habeas corpus by William B. Allen ("Allen") under 28 U.S.C. 2255. For the foregoing reasons, Allen's petition is denied.

### BACKGROUND

On December 10, 2008, a jury convicted Allen for advertising, transporting, and possessing child pornography in violation of 18 U.S.C. 2251(d)(1)(A), 2252A(a)(1), and 2252A(a)(5)(B), respectively. It was his first child exploitation conviction. Prior to sentencing, the probation officer prepared a Pre-sentence Investigation Report ("PIR") calculating the sentencing guidelines' range of imprisonment, including the following enhancements:

§ 2G2.2(b)(2) (involving prepubescent minors);
§ 2G2.2(b)(3) (distribution with expectation of receipt of something of value);

§ 2G2.2(b)(4) (depictions of violence);
§ 2G2.2(b)(6) (use of a computer); and
§ 2G2.2(b)(7) (600 or more images)

("2G2 enhancements"). The 2G2 enhancements doubled Allen's minimum guideline sentence, from 15 years in prison, *see* 81 U.S.C. § 2251(e), to 30 years.

Before Allen's sentencing hearing, his trial counsel ("trial counsel") submitted a sentencing memorandum asking the Court to impose a below-guideline sentence of 15 years. Trial counsel pointed out that the Court was free to use its discretion to fashion a below-guideline sentence under *Booker v. Washington*, 543 U.S. 220 (2005), and that the primary purpose of the sentencing factors under 18 U.S.C. 3553(a) "is for sentencing courts to impose a sentence sufficient, but not greater than necessary . . . ." Trial counsel alerted the Court to the fact that the 2G2 enhancements have been amended "on several occasions over the past twenty years" to punish child pornography convicts more harshly. According to trial counsel, the 2G2 enhancements "do not appear to be based on any sort of empirical data, and defense counsel has been unable to locate any particular rationale for them beyond the general revulsion that is associated or attached with Child Pornography cases." Trial counsel requested that this Court give the 2G2 enhancements less deference than if the guidelines were supported by empirical study.

On June 9, 2009, at the sentencing hearing, the Court accepted the probation officer's guideline calculation which included the 2G2 enhancements. Both the government and trial counsel agreed with the calculation. Prior to its statement, the government directed the Court's attention to a case the Seventh Circuit had recently decided, *United States v. Huffstatler*, 561 F.3d 694 (7th Cir. 2009).[1] According to the government, the Court of Appeals "dispensed with [the] argument" that the guidelines pertaining to child exploitation offenses are deficient because they are not based on empirical data. During trial counsel's remarks, he again requested a below-guideline 15-year sentence, and echoed many of the same sentiments in his sentencing memorandum. He noted that "there was no consultation with the Sentencing Commission" and that "[t]here was no science invoked" in promulgating the 2G2 enhancements. Trial counsel condemned the "draconian" sentences under the enhancements, saying that "[t]hey should shake you and shake us to the core."

In light of trial counsel's arguments for a below-guideline sentence, the Court observed that there were instances in which it sometimes "struggled with Guideline numbers and calculations." To wit, the Court assured that it did "not have blind allegiance in the correctness of Guideline calculations," and "would, in a heartbeat,

---

[1] In *United States v. Huffstatler*, 571 F.3d 620 (7th Cir. 2009) ("*Huffstatler II*"), the Seventh Circuit vacated and amended its decision in *Huffstatler*. *Huffstatler II* has no effect on this matter.

climb off the ladder of Guideline calculations if I thought it was the right thing to do . . . ." However, the Court stated "that is not this case and it is not a consideration in this case" due to the nature of the crimes under which Allen was convicted and the need to deter other like-minded individuals. The Court sentenced Allen to 30 years in prison, noting that it did "not have a reason to depart from these Guidelines." [2]

Allen timely appealed his conviction to the Seventh Circuit Court of Appeals, asserting that this Court erred in allowing a particular juror to sit on the jury, and that the Court incorrectly admitted into evidence certain internet chat logs. Allen did not challenge the constitutionality of the child pornography sentencing guidelines. The Seventh Circuit panel affirmed Allen's convictions. *United States v. Allen*, 605 F.3d 461 (7th Cir. 2010). Allen's subsequent petition for writ of certiorari to the Supreme Court was denied. *Allen v. United States*, 131 S. Ct. 1475 (2011).

Allen now petitions this Court for habeas corpus relief under 28 U.S.C. 2255 and requests an evidentiary hearing so that the Court may consider the merits of his claims. He asserts that he is entitled to relief because: (1) his rights under the Sixth Amendment were violated by ineffective trial and appellate counsel, and (2) his sentence is grossly

---

[2] The Court sentenced Allen to 30 years under Count I, five years under Count II, and ten years under Count III, with the sentences to run concurrently.

- 4 -

disproportionate to the crime for which he was convicted, contrary to the Eighth Amendment's prohibition against cruel and unusual punishment.

## LEGAL STANDARD

Section 2255 permits a prisoner to request the sentencing court to vacate, set aside, or correct a sentence after direct review if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. It is an extraordinary remedy because it asks the district court to reopen the criminal process to a person who already has had an opportunity for full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation omitted). In considering a habeas petition, the Court reviews the record and draws all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

## DISCUSSION

Allen argues that he is entitled to relief on three independent grounds. First, he contends that his trial counsel provided ineffective assistance of counsel under the Sixth Amendment for not disputing the provenance of the 2G2 enhancements as applied to his sentence. Second, he asserts that his appellate counsel ("appellate counsel")

provided ineffective assistance of counsel for failing to appeal the sentence by challenging the 2G2 enhancements. Third, Allen argues that the sentence enhancements constitute cruel and unusual punishment under the Eighth Amendment because the prison term under the guidelines is disproportionate to the crimes that he committed.

## I. Ineffective Assistance of Trial Counsel[3]

For a habeas petitioner to demonstrate constitutionally ineffective assistance of counsel, he must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, Allen must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. *Porter v. Gramley*, 122 F.3d 351, 354 (7th Cir. 1997). A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his

---

[3] The Government argues that Allen's ineffective assistance of counsel claims are procedurally defaulted because they were not raised on direct appeal. However, ineffective assistance of counsel claims may be brought in a collateral proceeding under section 2255 regardless of whether Allen could have brought the claim on direct appeal. *Massaro*, 538 U.S. 500, 508-09 (2003).

client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Petitioner thus must overcome a heavy burden to show that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

Allen claims that trial counsel's representation was constitutionally deficient because he failed to object to the 2G2 enhancements as applied to his sentence, and that the Seventh Circuit's decision in *Huffstatler* invited such an objection. According to Allen, this allowed the Court to rely entirely on the PIR, thereby failing to consider "the nature and circumstances of the offense" under section 3553(a). Instead, Allen theorizes that the Court relied on its own "subjective bias" in sentencing him, resulting in a longer term of imprisonment.

Allen's argument is flawed for three reasons. First, Allen mischaracterizes the record as it pertains to trial counsel's treatment of the 2G2 enhancements. He now claims that trial counsel endorsed the application of the 2G2 enhancements. He bases this claim on trial counsel agreeing with the Court during the sentencing hearing that "[t]he enhancements are accurate, Judge," and that "[t]hey are correct, Judge." Allen's interpretation of trial counsel's words is selective at best. The following exchange from the hearing, from which Allen now plucks trial counsel's statements, illustrates this:

> Government: I did not see anywhere in the defendant's sentencing paper a disagreement with *the facts that support the enhancements* . . . .

|  |  |
|---|---|
| Defense Counsel: | The enhancement[s] are correct, Judge. |
| The Court: | Yes. |
| Defense Counsel: | They are accurate. |
| The Court: | I think they are, with kudos to the probation officer who made the calculations in the first instance. It defined them and described them appropriately; and, as far as I can tell, they were all correct and there has been no challenge to them. |
| Defense Counsel: | They are correct, Judge. |

(Emphasis added).

This exchange plainly shows that Allen's trial counsel agreed only to the underlying *facts* supporting the enhancements. That is, he agreed that the evidence presented at trial and in preparation for sentencing demonstrated that Allen dealt in over 600 images of pornography which depicted prepubescent minors and violence, that was distributed with the expectation of receiving something in return, and that it involved the use of a computer. U.S. SENTENCING GUIDELINES MANUAL §§ 2G2.2(b)(2)-(4), (6)-(7). Allen does not now dispute these facts. Contrary to Allen's contention, the record is replete with trial counsel's arguments attacking the 2G2 enhancements. The Court therefore rejects Allen's mischaracterization of trial counsel's treatment of the 2G2 enhancements.

Second, Allen claims that he was prejudiced by trial counsel's failure to rely on the Seventh Circuit's decision in *United States v. Huffstatler*. According to Allen's interpretation of that case, "this Circuit's decision was served in such a way as to invite [trial counsel] to address the issue in mitigation of the sentence." The Seventh Circuit made no such invitation. In *Huffstatler*, the Seventh Circuit considered whether a district court was obligated to impose a sentence below the 2G2 guideline range. *Id.* at 696. After acknowledging the lack of empirical support behind the 2G2 enhancements and district courts' discretion to sentence below the guideline range, the Seventh Circuit held that "district courts . . . are certainly not required to" impose a below-guideline sentence in child pornography cases. *Id.* at 698. Contrary to Allen's assertion, *Huffstatler* approves of the Court's within-guideline sentence, and trial counsel did not err by failing to address it.

Finally, the sentencing hearing transcript demonstrates that the Court sentenced Allen in accordance with the section 3553(a) factors, not by any subjective bias against Allen. Allen's claim that the Court's sentence was the product of bias, and that this bias was generated as a result of trial counsel's appeal for a below-guideline punishment, is unpersuasive. *Machibroda v. United States*, 368 U.S. 487, 495 (1962) (district courts are not stripped "of all discretion to exercise common sense" when assessing a petitioner's allegations).

Petitioner's failure to prove one of the prongs negates the need for the Court to evaluate the other. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009). Ultimately, Allen has failed to show that his trial counsel's representation was inadequate. Allen's motion is denied.

II. **Ineffective Assistance of Appellate Counsel**

Courts apply the *Strickland* test when evaluating appellate counsel's effectiveness. *Smith v. Robbins*, 528 U.S. 259, 286-89 (2000). Appellate counsel's failure to raise an issue on appeal requires the court to compare the neglected issue with those that were raised. *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003). Appellate counsel's failure to raise an issue is objectively deficient only if the ignored issue was "both obvious and clearly stronger" than the issues appealed. *Id.* at 900-01.

Allen contends that his appellate counsel was deficient because they failed to challenge the application of the 2G2 enhancements to his sentence. Appellate counsel instead appealed the admission into evidence of an internet chat log and the Court's denial of a for-cause challenge to a prospective juror.

As noted above, the Court begins with a strong presumption that counsel adequately represented the petitioner. *Meyer*, 234 F.3d at 325. Allen fails to overcome this presumption. He makes no effort to compare the issues actually raised on appeal with the provenance of a challenge to the 2G2 enhancements. Given the Seventh

Circuit's decision in *Huffstatler*, the Court fails to see how a challenge to the application of the 2G2 enhancements was a clearly stronger argument on appeal than the two issues that were raised.[4] Therefore Allen's appellate counsel was not ineffective.

## II. Eighth Amendment Claim

Allen next "raises a facial challenge to the constitutionality of the child pornography guidelines in their entirety as producing procedurally and substantively unreasonable sentences." Allen fails to elaborate on this point until his reply brief, where he submits that the 2G2 enhancements "are constitutionally challengeable and may constitute cruel and unusual punishment under the Eighth Amendment." Because Allen did not raise the Eighth Amendment challenge until his reply brief, it is waived. *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009) ("Arguments raised for the first time in a reply brief are waived.") (internal citation omitted).

Allen's facial challenge would also fail on the merits. "To mount a successful facial attack, the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Nagel*, 559 F.3d 756, 764 (7th Cir. 2009) (holding that appellant's ten-year mandatory minimum sentence did not violate

---

[4] The Court notes that Judge Wood dissented with the majority's holding that denying the for-cause challenge to the juror was proper, further undermining Allen's argument that appellate counsel was objectively deficient. *Allen*, 605 F.3d at 467-68.

the narrow proportionality principle that accompanies an Eighth Amendment analysis of non-capital sentences); *citing United States v. Salerno*, 481 U.S. 739, 745 (1987). Allen has not presented the Court with any legal arguments to support his position. His Eighth Amendment challenge fails for this reason as well.

### III. Evidentiary Hearing

Finally, Allen asks for an evidentiary hearing to assist the Court in fleshing out disputed issues. This Court must grant an evidentiary hearing if a petitioner alleges facts that, if proven, would entitle him to relief. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006); 28 U.S.C. § 2255. Additionally, Allen's "petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (internal quotation and citation omitted); *see also Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (a court should dismiss a section 2255 petition without hearing "if the factual matters raised by the motion may be resolved on the record before the district court."). On the other hand, a request for an evidentiary hearing should be denied if a petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001), *citing Machibroda*, 368 U.S. at 495.

In addition to failing to provide the Court with an affidavit, Allen raises no plausible disputes that necessitate an evidentiary hearing. The Court is satisfied that Allen's allegations provide no need for further evaluation by way of a hearing. His request is denied.

## CONCLUSION

For the foregoing reasons, Allen's habeas petition is denied without the need for an evidentiary hearing.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 9, 2012