# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8640 | **DATE** | August 1, 2012 |
| **CASE TITLE** | United States of America vs. William B. Allen | | |

**DOCKET ENTRY TEXT**

Allen's motion (Doc [12]) for a certificate of appealability is denied.

■[ For further details see text below.]  Docketing to mail notices.

## ORDER

This matter comes before the Court on Petitioner William B. Allen's ("Allen") motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the following reasons, Allen's motion is denied.

On June 9, 2009, the Court sentenced Allen to 30 years imprisonment after a jury convicted him of advertising, transporting, and possessing child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(A), 2252A(a)(1), and 2252A(a)(5)(B), respectively. Allen's sentencing guideline calculation included five enhancements that increased the minimum guideline sentence from fifteen years to thirty years.

After exhausting his appellate rights, Allen filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, asserting that: (1) his trial and appellate counsel were ineffective; and (2) the child pornography enhancements constitute cruel and unusual punishment in violation of the Eighth Amendment. On May 9, 2012, the Court denied Allen's request for habeas relief. *Allen v. United States*, Nos. 11 C 8640, 08 CR 238-1, 2012 WL 1623269 (N.D. Ill. May 9, 2012). Allen now seeks a certificate of appealability, certifying these same two issues for appeal.

To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). When a habeas petition is denied on the merits, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

First, Allen seeks to certify his ineffective assistance of counsel claims for appeal. Allen maintains that both his trial and appellate counsel were ineffective because they did not argue that the Seventh Circuit's decision in *United States v. Huffstatler*, 571 F.3d 620 (7th Cir. 2009), warrants a more lenient sentence. Allen misinterprets *Huffstatler*, in which the Seventh Circuit explicitly stated that a court was not required to deviate from the child pornography guidelines. *Id.* at 698. In fact, the Seventh Circuit in *Huffstatler* upheld the defendant's sentence, which was greater than the minimum guideline sentence. *Id.* at 698. As Allen relies on a misinterpretation of the *Huffstatler* decision, reasonable jurists could not debate the Court's denial of his ineffective assistance of counsel claims.

Next, Allen seeks to certify a facial challenge to the constitutionality of the child pornography guidelines. The Court denied Allen's habeas petition on this claim because he did not raise the issue until his reply brief and failed to make any legal argument to support his position. *Allen*, 2012 WL 1623269 at *5. Given that Allen's argument was entirely undeveloped, he is not entitled to a certificate of appealability on this claim.

In light of the foregoing, Allen's motion for a certificate of appealability is denied.

Date: **August 1, 2012**

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**